UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


SEAN PRESSLEY,                          :
                                        :
            Plaintiff                   :
                                        :
      v.                                :   CIVIL NO. 3:CV-04-2535
                                        :
JEFFREY BEARD, ET AL.,                  :   (Judge Kosik)
                                        :
            Defendants                  :


**M E M O R A N D U M**

**I.      Introduction**

       Sean Pressley, an inmate currently confined at the State Correctional Institution at

Camp Hill (SCI-Camp Hill), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C.

§ 1983 on November 23, 2004.  He names in excess of sixty (60) defendants including

Department of Corrections officials as well as employees of SCI-Camp Hill and the State

Correctional Institution at Greene, Pennsylvania, his former place of confinement.  Plaintiff's

claims include allegations of denial of access to the courts, mail interference, violation of his

First Amendment right to practice his religion, harassment and retaliation.  His claims span the

time period from June of 2000 when he was incarcerated at SCI-Greene, until the filing of the

complaint.  Plaintiff had been transferred during this time period in June of 2003 to SCI-Camp

Hill.  He requests monetary relief.

## II.   Procedural Background

On December 1, 2004, service of the complaint was directed.  The majority of defendants waived service.  (Doc. 10.)  On January 19, 2005, the bulk of defendants filed a motion to dismiss the complaint in part on grounds of statute of limitations, respondeat superior, failure to set forth allegations against various defendants and absolute immunity with respect to one defendant.[1] (Doc. 15.)  A brief in support of the motion was also submitted.  (Doc. 16.)  On February 11, 2005, plaintiff sought an enlargement of time within which to respond to the motion.  Plaintiff was thereafter granted thirty (30) days within which to file his opposition.

On February 14, 2005, defendant Maravich filed a motion to dismiss the complaint. (Doc. 20.)  A supporting brief was filed at the same time.  (Doc. 21.)  Plaintiff thereafter filed a motion for enlargement of time within which to respond to both pending motions to dismiss.  On the same date he also filed a motion seeking a temporary restraining order.  (Doc. 23.)  The basis of the motion was plaintiff's contention that he is unable to respond to the pending motions due to defendants' failure to allow him to exchange legal materials in his cell for other legal materials he has in storage at SCI-Camp Hill.[2]  Plaintiff's request for an enlargement to respond to the motions was again granted, and plaintiff given an additional thirty (30) days to oppose the motions.  (Doc. 24.)  Defendants were further directed to respond to the motion for

---

[1]  This motion does not address all claims against all defendants.

[2]  According to plaintiff, he is only permitted to have one (1) box of legal materials at a time in his cell in the Special Management Unit and under the rules is suppose to be permitted to exchange a box for a new box of materials once per month.

temporary restraining order.  Thereafter briefs in support and in opposition to the tro motion were submitted by the parties.

On June 13, 2005, plaintiff filed his third request for an extension of time within which to oppose the pending motions to dismiss following the court's resolution of his motion for temporary restraining order.  (Doc. 36.)  An Order was issued on June 16, 2005 wherein the court extended the deadline for opposing the motions by thirty (30) days and also delayed resolution of the motion for injunctive relief due to the pending motions to dismiss.  (Doc. 37.) Plaintiff thereafter filed a motion for reconsideration of this order claiming that he is unable to oppose the motions to dismiss without being granted the relief requested in the injunction motion - -which is to direct defendants to allow him access to his litigation files which he contends he needs to prepare his opposition.  The court will now address plaintiff's motion for reconsideration as well as the status of the pending motions to dismiss which as of this date plaintiff has not opposed.

III.   **Discussion**

A.     **Motion for Reconsideration**

Plaintiff seeks reconsideration of the court's decision to delay consideration of his tro motion while the motions to dismiss are pending.  He claims that the reason he seeks the injunctive relief is so that he is able to obtain the legal documents necessary to respond to the motions.  He also expresses a desire to possibly amend the complaint in this action and claims he needs access to his materials to prepare a motion to amend/proposed amended complaint.

The court will deny plaintiff's motion for the following reasons.  First, plaintiff himself

states in his motion for reconsideration that he ". . . could easily address the correctional

defendants motion . . ." and goes on to give his arguments why the motions to dismiss should

be denied.  Clearly, by doing so he undermines his own argument that he needs certain

documents contained within his litigation files to counter the motions.  Further, he

acknowledges that the sole argument made by defendant Maravich's motion to dismiss is the

lack of personal involvement on behalf of this defendant.  Plaintiff is certainly able to oppose

this argument at the motion to dismiss level based upon his own knowledge of the facts as well

as the undisputed fact that he has been granted three (3) thirty (30) day extensions of time

within which to respond to the motions and therefore plenty of time to exchange legal materials

from box to box at the prison.  Even though plaintiff does allege his ability to exchange material

is limited in scope and time, he does not deny that he does have monthly opportunities to

exchange materials.  Furthermore, while plaintiff contends that he is unable to respond to the

motions without access to said materials, he has not incurred any injury up to this point and has

the ability to pursue his civil remedies should he lose on the motions to dismiss because he is

unable to oppose the motions.  Finally, because the court will dismiss the motions to dismiss as

moot, plaintiff's underlying reason for requesting reconsideration is now moot.  For these

reasons, the motion for reconsideration will be denied.

**B.**   **Motions to Dismiss**

While opposition has not been filed with regard to either of the pending motions to

dismiss in this action, the court has the ability pursuant to 28 U.S.C. § 1915(e)(2) to dismiss the

complaint at any time if the court determines that the action fails to state a claim upon which

relief may be granted.  Section 1915(e)(2) of Title 28 of the United States Code provides:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case **at any time** if the
> court determines that - (A) the allegation of poverty is untrue; or (B)
> the action or appeal - (i) is frivolous or malicious; **(ii) fails to state
> a claim on which relief may be granted**; or (iii) seeks monetary
> relief against a defendant who is immune from such relief.

(Emphasis added.)  Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to

a complaint, to file a motion to dismiss a claim or clams for "failure to state a claim upon which

relief can be granted . . . ."  The above section of the United States Code provides this Rule

12(b)(6) ground for summary dismissal of a complaint before service or at any time thereafter.

Pursuant to Rule 12(b)(6) analysis, the court must accept the veracity of a plaintiff's factual

allegations.  White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  "The test for reviewing a

12(b)(6) motion is whether under any reasonable reading of the pleadings, plaintiff may be

entitled to relief."  Simon v. Cebrick, 53 F.3d 17, 19 (3d Cir. 1995).

     To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988);

Mark v. Borough of Hatboro, 51 F.3d 1137,1141 (3d Cir. 1995).  It is well established that, "[a]

defendant in a civil rights action must have personal involvement in the alleged wrongs . . . .

Personal involvement may be shown through allegations of personal direction or actual

knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

Further, liability may not be imposed under § 1983 on the traditional standards of respondeat

superior.  Id.

In the instant case, plaintiff names as one of the defendants Craig Maravich, a Deputy Attorney General employed in the Office of the Attorney General.  The only allegation in the complaint relating to Maravich is contained in ¶125 wherein plaintiff alleges that he brought to the attention of Maravich on August 1, 2003, the actions of defendants of hindering his legal actions.

Clearly this allegation fails to state a claim upon which relief can be granted in that plaintiff alleges no personal involvement by Maravich in any violation of plaintiff's constitutional rights.  Plaintiff apparently informed Maravich, who is not employed by the Department of Corrections, of the other defendants' alleged conduct, after the conduct occurred, in the hope that Maravich could assist in resolving his complaints.  Maravich only learned of the alleged wrongful conduct after it occurred and is removed from any authority over Department of Corrections employees.  The complaint fails to allege any personal involvement on his part in any of the alleged unlawful acts.  As such, this claim is subject to dismissal.[3]  In light of the court's dismissal of this claim via § 1915(e)(2)(B)(ii) screening, Maravich's motion to dismiss will be denied as moot.

The other motion to dismiss pending in this action has been filed with regard to many,

---

[3]  In his motion for reconsideration of the court's order of June 16, 2005, plaintiff does briefly address the arguments raised by defendants in the pending motions to dismiss.  Plaintiff does not actually dispute Maravich's contention that personal involvement is lacking, but rather attempts to raise a new claim against Maravich - - conspiracy with prison officials to deprive him of his legal materials. Plaintiff, however, fails to set forth any allegations in his complaint which would support a claim of conspiracy against Maravich.

but not all, of the remaining defendants.  Defendants raise arguments such as the statute of limitations, <u>respondeat superior</u>, failure to set forth any allegations against some of the named defendants and absolute immunity. Pursuant to § 1915(e)(2)(B)(ii) screening provision, the court finds that some of the defendants named in the complaint are subject to dismissal.  As such, the pending motion to dismiss will be denied as moot and defendants permitted fifteen (15) days to file a motion to dismiss raising the statute of limitations defense as they deem appropriate.

First, in reviewing the complaint, it clearly fails to allege any allegations against a number of the defendants.  Specifically, defendants Stowitzky, D'Eletto, Berthlotte, Palakovich, Kreider (Kreighter) and Wiland (Wielder) are merely listed in the caption and referred to no where else in the complaint.   As such, no personal involvement has been alleged by plaintiff on the part of these defendants and they are entitled to dismissal from this action.

Furthermore, plaintiff names Marsha Davis, Esquire as a defendant in this action.  Davis is entitled to dismissal from this action on the basis of Section 1915(e)(2(B)(ii) for the following reasons.  Davis is an attorney employed by the Department of Corrections. Plaintiff alleges that when he complained to Davis about defendants' actions she failed to act upon the information he brought to her attention.  For the same reasons set forth above in the court's discussion of defendant Maravich, the complaint also lacks allegations of personal involvement against Davis.  Plaintiff complained to Davis after the fact about incidents with which she had no alleged involvement.  Further, to the extent Davis as an Assistant Counsel in the Department of Corrections allegedly failed to perform legal tasks within the scope of performing a lawyer's

7

traditional function, she would be entitled to absolute immunity much in the same way as a public defender for purposes of a Section 1983 action.  See generally Polk County v. Dodson, 454 U.S. 312, 325 (1981).

The complaint also names numerous individuals who appear to be included as defendants based upon their supervisory roles within the prison system and/or their failure to take corrective action when grievances or investigations were referred to them. Specifically, these defendants are former Secretary of the DOC Horn, present Secretary Beard, Chief Grievance Coordinator Burks, Chief Hearing Examiner Bitner, former Superintendent Blaine, Superintendent Kelchner, Deputy Superintendent Brannigan and Business Manager Gimble. As previously set forth, respondeat superior does not serve as a basis for relief under Section 1983.  See Rode at 1207-08.  The allegations contained in the complaint against the above defendants place liability on them either due to their supervisory roles/positions at the prison or because said individuals failed to take corrective actions concerning plaintiff's allegations following plaintiff's unsuccessful grievances or investigations which were conducted following his complaints.  It is well-established, however, that prisoners have no constitutionally protected right to a grievance procedure.  See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring)("I do not suggest that the [grievance] procedures are constitutionally mandated.");  Wilson v. Horn, 971 F. Supp. 943, 946 (E.D. Pa. 1997), aff'd, 142 F.3d 430 (3d Cir. 1998); McGuire v. Forr, Civ. A. No. 94-6884, 1996 WL 131130, at *1 (E.D. Pa. March 21, 1996), aff'd, 101 F.3d 691 (3d Cir. 1996).  While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is

8

the right of access to the courts and such a right is not compromised by the failure of the prison to address an inmate's grievance or take corrective action.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).  Based on the foregoing, these defendants are subject to dismissal from this action due to plaintiff's failure to state a claim against them upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order is attached.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN PRESSLEY,                              :
                                            :
               Plaintiff                    :
                                            :
       v.                                   :   CIVIL NO. 3:CV-04-2535
                                            :
SUPT. J. BEARD, ET AL.,                     :   (Judge Kosik)
                                            :
               Defendants                   :

# O R D E R

_____**NOW, THIS 26th DAY OF SEPTEMBER, 2005,** in accordance with the foregoing

Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.   Plaintiff's motion for reconsideration (Doc. 38) is denied.

2.   Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the following defendants are
     dismissed from this action in accordance with the attached Memorandum for
     failure of plaintiff to state a viable claim against them: Defendants Maravich,
     Stowitzky, D'Eletto, Berthlotte, Palakovich, Kreider (Kreighter), Wiland
     (Wielder), Davis, Horn, Beard, Burks, Bitner, Blaine, Kelchner, Brannigan and
     Gimble.  The Clerk of Court is directed to terminate these defendants from the
     action.

3.   The pending motions to dismiss (Docs. 15, 20) are denied as moot.

4.   Within fifteen (15) days from the date of this Order, defendants may file a
     motion to dismiss raising a statute of limitations argument.


                          s/Edwin M. Kosik
_____
                        United States District Judge