UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN PRESSLEY,                                :
                                              :
       Plaintiff                        :
                                              :
   v.                                         : CIVIL NO. 3:CV-04-2535
                                              :
JEFFREY BEARD, et al.,                        : (Judge Kosik)
                                              :
       Defendants                       :

**M E M O R A N D U M**

**Background**

    Sean Pressley, an inmate currently confined at the State Correctional Institution at Camp Hill, Pennsylvania, filed this civil rights action on November 23, 2004. While he names over sixty (60) defendants in the complaint, some of the defendants have since been dismissed by the Court pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) in a Memorandum and Order issued on 9/26/05. (Doc. 41.) In this same Memorandum, the Court also found two pending motions to dismiss previously filed by defendants as moot, and allowed defendants to submit a motion to dismiss within fifteen (15) days raising the statute of limitations.[1]

    In his complaint, Pressley names as defendants Department of Corrections officials, as well as employees of SCI-Camp Hill and SCI-Greene, his former place of confinement. He alleges that defendants denied him access to the courts, interfered with his mail, violated his First Amendment right to practice religion, harassed him and retaliated against him. The claims alleged in the

---

[1] Because the Court screened the complaint pursuant to § 1915(e), the pending motions to dismiss were dismissed as moot. One of the arguments raised in the motions was the defense of statute of limitations. As such, defendants were given fifteen (15) days to refile their motions raising the statute of limitations.

complaint span the time period from June of 2000 and continuing until the time he filed this action in November of 2004. Pressley was transferred from SCI-Greene to SCI-Camp Hill in June of 2003.

Presently pending before the Court for consideration are three motions filed by Pressley: a motion for temporary restraining order ("tro")(Doc. 23); a motion for order precluding defendants from opposing the motion for temporary restraining order (Doc. 30); and a motion for assistance with litigation expenses[2] (Doc. 33).

**Discussion**

    **A.**    **Motion Requesting Assistance with Litigation Expenses**

Pressley submits a one (1) page request that the Court assist him with his litigation expenses because he is indigent and cannot afford the postage, copying charges and funds necessary for legal supplies to maintain his various legal actions. He claims that he is not able to cover the expense of serving his documents on defendants due to the number of other legal actions in which he is involved.

First, Pressley has not submitted a brief in support of his motion as required by M.D. Pa. Local Rule 7.5. On this basis alone, the motion can be deemed withdrawn. However, even addressing the merits, the motion can be denied. The fact that Pressley has other lawsuits pending that require litigation is a matter of his own doing. He has the responsibility to prosecute each of the lawsuits he initiates as required by the Federal Rules of Civil Procedure and Middle District Local Rules of Court. Further, he does not contend that he has no supplies with which to litigate his actions, but rather, only that he cannot afford the postage, supplies and other materials he needs to keep up with each of his actions. There is no indication in the present case that Pressley is unable to

---

[2] The Clerk's Office has docketed this motion as one seeking to waive service requirements for pleadings.

litigate this action in any way.  He clearly has access to pens, paper and postage.  Further, while Pressley names numerous defendants in this case, they are all represented by the same counsel and thus far, Pressley has demonstrated no difficulty in serving Attorney Raymond Dorian with his pleadings.  According, there exists no basis for waiving the costs associated with litigating this action, and the motion will be denied.

### B.   Motion to Preclude Defendants from Opposing TRO Motion

Pressley seeks an order of court precluding defendants' opposition to his motion for temporary restraining order. (Doc. 30.)  In the motion, he contends that on March 24, 2005, this Court issued an Order directing defendants to respond to Pressley's motion within ten (10) days.  He argues that because defendants' opposition brief was not filed until April 15, 2005, it is untimely and therefore should be stricken.

Pressley is correct in so far as the Court did issue the March 24, 2005 Order as stated.  This would have made the opposition brief due on April 11, 2005.  As such, the April 15, 2005 brief would be untimely.  However, under the circumstances of the instant case, the Court will accept the brief as filed by defendants.  While the March 24, 2005 Order did require the brief on or before April 11, 2005, Pressley had not yet filed his brief in support of the motion at the time the Order was issued.  His supporting brief was not filed until March 28, 2005 (Doc. 25).  Technically speaking, defendants have fifteen (15) days following the submission of a supporting brief within which to oppose a motion pursuant to the Middle District Local Rules of Court.  See M.D. Pa. Local Rule 7.6. While the March 24, 2005 Order was indeed in existence, Pressley did not file a supporting brief until after this date.  Defendants thereafter submitted their opposition to the motion timely in accordance with Rule 7.6.  In fairness to defendants, their brief will be accepted and considered by

the Court. Further, in deciding an issue in a case, it behooves all parties to have the Court fully informed of all the facts surrounding the dispute. As such, the motion will be denied.

### C. Motion for Temporary Restraining Order

Pressley has filed a motion seeking a temporary restraining order which prevents Defendants Huber and Marsh from impeding his access to boxes of litigation materials stored at SCI-Camp Hill. He alleges as follows in his motion. He states that inmates in the Special Management Unit at SCI-Camp Hill are only permitted to have one (1) box of personal property in their cell at one time. The box of material currently in his cell includes legal, religious and personal material. He claims that he has five (5) additional boxes containing "litigation materials" in storage at the prison.

According to DOC Policies DC-ADM 801 and 802, Pressley states that he is allowed to access his files once a month to exchange an equal amount of materials from his cell with those materials in storage. He claims that the usual practice of defendants has been to instruct him to gather the legal materials he wishes to exchange from his cell, he is then taken to a different cell which contains all of his storage files where he locates the new documents he needs and exchanges them with the old documents he is returning from his cell. He claims that this procedure allows him to address separate legal matters and deadlines "as the need arises." (Doc. 23 at 1.) He contends that this is the procedure also utilized by other SMU inmates with regard to exchanging personal property.

On a few other occasions, Pressley states that defendants have instructed him to surrender the box of materials in his cell, and he is given the boxes of personal property from storage one at a time in sequence until he has gone through each of the boxes and pulled the documents he needs. In the end, Pressley states that he is permitted to have a total of one full box of documents in his cell, but

apparently is able to pick and choose from the storage boxes the documents which will comprise the box he retains in his cell.

Pressley contends that Defendants Huber and Marsh now require him to relinquish the box of materials in his cell, and they provide him with a single box of his stored litigation files.  This concludes the exchange for the month.  It is Pressley's contention that by following this procedure he is unable to locate and acquire the documents that he needs which are spread among the other boxes.

In response to Pressley's motion, Defendants maintain that SMU Policy is being followed with regard to the exchange of property.  They submit a copy of the SMU Handbook as well as the declaration of Robert J. Marsh, SMU Unit Manager.  Exchanges are not for individual documents, but rather box for box.  While normally inmates are not placed in another cell with their legal material to accomplish legal property exchanges, this did occur on one occasion when defendant Huber permitted Pressley to use another cell because he had too much property to exchange at the door of his cell.  Marsh further states that Pressley has not requested a monthly legal property exchange since January 2003.  The instant motion was filed March 22, 2005.

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances.  See American Tel. and Tel. Co. V. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994), cert. denied, 514 US. 1103 (1995).  Moreover, issuance of such relief is at the discretion of the trial judge.  Orson, Inc. v. Miramax Film, Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993).  In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors:

> (1) likelihood of success on the merits;
> (2) irreparable harm resulting from a denial of relief;
> (3) the harm to the non-moving party if relief is granted; and
> (4) the public interest.

United States v. Bell, Civ. No. 1:CV-01-2159, 2003 WL 102610, *2 (M.D. Pa. January 10, 2003)(J. Conner)(internal citations omitted).  It is the moving party that bears the burden of satisfying these factors.  (Id.).

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.  See Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980).  Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight, 882 F.2d at 801.  A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." Id.  The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to be issued. Id.  Speculative injury does not constitute a showing of irreparable harm. Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987).  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)).  Of course, a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.  See Weaver v. Wilcox, 650 F.2d 22, 27 n. 13 (3d Cir. 1981)(prisoner's transfer from the prison moots claim for injunctive and declaratory relief with respect to prison conditions, but not claims for damages.)

In the instant case, the SMU Handbook sets forth the policy on the retention of personal property in a cell.  In particular, paragraph 26 addresses "Property" and provides, in relevant part, as follows:

6

> Personal property will be inventoried by the SMU Property Officer and placed in storage. When released from the SMU, your property will be sent with you. You must sign for your property prior to leaving the SMU and pay all applicable shipping charges.
>
> The only materials you may recover from your stored property are written materials. You may maintain one (1) records center box of written materials in your cell. All written materials that do not fit in one (1) records center box, with the lid on securely, will be confiscated and placed in your stored property.
>
> To receive an exchange of written materials, submit a request slip to the Property Officer. Fall exchanges will be for an equal amount only. Exchanges will be a maximum of once every thirty (30) days . . . .

(Doc. 27, SMU Handbook at p. 7.)

Pressley frames the issue in this case as centering around the procedure for carrying out the exchange - - both manner of exchange and whether the exchange can be documents for documents or box for box. However, at this juncture the Court finds it unnecessary to resolve this dispute for the following reasons. First, defendants submit a declaration made under penalty of perjury from Robert Marsh which states that although Pressley filed his motion for tro on March 22, 2005, he has not requested a monthly legal property exchange since January of 2003. (Doc. 32, Marsh Decl. ¶ 10.) Nowhere in the record does Pressley dispute this statement or submit any documentation which would establish that he has made a property exchange request which was not honored.

More importantly, even if he had, the granting of a motion for temporary restraining order requires a showing of irreparable harm. In the instant case, all of the harms alleged by Pressley are speculative. The harms are with regard to possible injury he may suffer if he is not permitted to access his boxes of personal property in the manner he desires. Pressley speaks of not being able to amend his complaint, oppose preliminary objections and file a state habeas corpus action within the applicable statute of limitations if the instant motion is not granted. There is no evidence that he actually has suffered any of the above injuries. Further, there is no question that Pressley is able to

7

exchange box for box of legal material every thirty (30) days.  He does not dispute this.  Pressley should know what is contained in each of his boxes of personal property.  He should maintain a list with an inventory of what is contained in each box.  In so doing, he could easily determine which of the documents he needs during each given month are contained in which box, and request said box during the month needed.  This would also eliminate Pressley's concern over the SMU officers having to pour through his individual storage boxes looking for requested documents.  While Pressley contends that he has several legal actions pending and may be required to access documents contained in different boxes during a given month, he always has the capability to file a motion for enlargement of time with a court requesting more time to submit a filing due to the restrictions placed upon him in the SMU in accessing his property.

Even if Pressley were able to carry the burden of demonstrating irreparable harm, to agree with Pressley's suggestion that prison officials accommodate him by escorting him to a private cell where he can root through his boxes of legal materials each month and pick and choose his documents would seemingly impose too great a burden on the prison.  This is so particularly in light of the fact that other inmates would request the same procedure and it would have to be done for each inmate every month.  This method of exchange could create various order and security issues in a unit which houses disruptive and dangerous inmates.  While Pressley may have, on a rare occasion, been permitted to exchange documents in this manner, it is not the standing SMU policy.  Accordingly, for the reasons stated above, the motion seeking a temporary restraining order will be denied.

An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN PRESSLEY, :
:
      Plaintiff :
:
v. : CIVIL NO. 3:CV-04-2535
:
JEFFREY A. BEARD, et al., : (Judge Kosik)
:
      Defendants :

**O R D E R**

**NOW, THIS 15th DAY OF FEBRUARY, 2006,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's "Motion for Order Precluding Defendants from Opposing the Motion for Temporary Restraining Order" (Doc. 30) is **denied**.

2. Plaintiff's "Motion Requesting Assistance" (Doc. 33) is **denied**.

3. Plaintiff's "Motion for Temporary Restraining Order" (Doc. 23) is **denied**.

4. Within thirty (30) days from the date of this Order, Plaintiff is directed to file his opposition to Defendants' Second Motion to Dismiss. The failure to do so will result in the complaint being dismissed pursuant to Fed. R. Civ. P. 41(b). See Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

                                                  s/Edwin M. Kosik
                                                  United States District Judge