UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


SEAN PRESSLEY,                          :
                                        :
            Plaintiff                   :
                                        :
      v.                                : CIVIL NO. 3:CV-04-2535
                                        :
SUPT. J. BEARD, et al.,                 : (Judge Kosik)
                                        :
            Defendants                  :


**M E M O R A N D U M**

I.    **Background**

_____Sean Pressley filed this civil rights action pursuant to 42 U.S.C. § 1983 on November

23, 2004, naming as defendants numerous Department of Corrections (DOC) officials and

employees of the State Correctional Institutions at Camp Hill, Pennsylvania, and Greene,

Pennsylvania. Pressley is currently confined at SCI-Camp Hill and was formerly held at SCI-

Greene.  The allegations set forth in the complaint include denial of access to the courts, mail

interference, infringement on the First Amendment guarantee to practice religion, harassment

and retaliation.  The claims span the time period from June of 2000, when Pressley was

incarcerated at SCI-Greene, until the filing of the complaint.[1] Monetary damages are

requested as relief.

_____

[1]  Pressley was transferred from SCI-Greene to SCI-Camp Hill in June of 2003.

On September 26, 2005, a Memorandum and Order was issued by the Court screening the complaint, and dismissing sixteen (16) defendants pursuant to 28 U.S.C. § 1915(e)(2) (B)(ii).[2]  On October 4, 2005, the majority of the remaining defendants filed a second motion to dismiss the complaint.[3]  (Doc. 42.) On February 15, 2006, the Court denied a motion filed by Pressley seeking a temporary restraining order,  and directed him to file his opposition to defendants' second motion to dismiss.  An opposition brief was submitted on January 30, 2006.  The motion is ripe for consideration.  Also pending is Pressley's motion seeking reconsideration of the Court's denial of his request for a temporary restraining order.  (Doc. 46.)

## II.    Motion for Reconsideration

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

---

[2]  Motions to dismiss previously filed by defendants and pending at the time of screening were denied as moot without prejudice to defendants to file a new motion to dismiss raising a statute of limitations defense. (Doc. 41.)

[3]  The motion has not been filed on behalf of the following defendants who apparently have never been served with the complaint: (5) John Doe defendants, "Unknown Mail Inspectors," and "Correctional Officers 8."  Plaintiff will be afforded fifteen (15) days within which to provide the Court with the identities of these defendants, or they will be dismissed from the complaint.  Also named as a defendant is "M. Smolder" identified by Pressley as a Business Manager at SCI-Greene.  Service of the complaint on this individual was directed by the Court and a summons issued on December 1, 2004.  There does not appear to be a waiver of service or a return of service with regard to Smolder.  It also appears that Smolder is not included among the defendants filing the pending motion to dismiss.  Counsel for defendants will be directed to advise the Court within ten (10) days as to whether he represents this defendant and whether the pending motion is filed on his behalf as well.

Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration is appropriate in instances where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Only where extraordinary circumstances are present should relief under Rule 60(b) be granted. Bohus v. Beloff, 95 F.2d 919, 930 (3d Cir. 1991).

In the Memorandum and Order issued on February 15, 2006, the Court denied Pressley's request for an Order restraining Defendants Huber and Marsh from allegedly

impeding his access to boxes of litigation material stored at SCI-Camp Hill.  The gist of

Pressley's contention centered around the method of exchanging legal materials stored within

six (6) boxes at the prison.  Only one (1) box is permitted in the SMU cell at one time.  In

ruling on the motion, the Court found that Pressley was not entitled to relief first because a

declaration submitted by Defendant Marsh established that Pressley had not even sought a

property exchange since January of 2003, but more importantly, because he failed to

demonstrate irreparable harm.

In the pending motion for reconsideration, Pressley argues that the date given by

Marsh in his declaration as to the last property exchange request is incorrect, and should read

"January 2005."  Based upon this error, and for all of the reasons previously set forth in his

motion for tro, Pressley maintains that the Court should reconsider its denial of the tro.

In opposing Pressley's motion for reconsideration, defendants do acknowledge that

the date provided in the Marsh declaration is a typographical error and should read "January

2005."  However, even noting this correction, injunctive relief is still not warranted under the

circumstances of this case.  While the time period during which Pressley ceased requesting

property exchanges prior to filing his motion is considerably shorter, he still fails to

demonstrate the required element of irreparable harm for the reasons stated in the February

15, 2006 Memorandum and Order.  He has filed a brief in opposition to the pending second

motion to dismiss and there is no indication that he suffered any actual injury due to failure to

file other documents.  It is also undisputed that Pressley has the ability to exchange boxes of

legal materials every thirty (30) days to access the documents he needs. Accordingly, his

motion for reconsideration (Doc. 48) will be denied.

### III.   Defendants' Second Motion to Dismiss

The claims set forth by Pressley in the complaint span the time period from June of 2000 through the filing of the complaint on November 23, 2004. Pending is defendants' motion to dismiss those claims alleged which occurred prior to November 23, 2002, based upon the statute of limitations. The majority of these claims, if not all of them, pertain to incidents which allegedly occurred while Pressley was confined at SCI-Greene and for the most part involve SCI-Greene employees.

In reviewing the applicability of the statute of limitations to an action filed pursuant to § 1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 457 n.9 (3d Cir. 1996); Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

The United States Supreme Court clarified its decision in Wilson when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F. Supp. 809, 814 (M.D. Pa), aff'd 101 F.3d 691 (3d Cir. 1996)(Table). Pennsylvania's applicable personal injury statute of limitations is two years.  See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp.); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir.), cert. denied, 474 U.S. 950 (1985).  Finally, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action." Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)(citations omitted).

The complaint in this action was filed on November 23, 2004.  As such, at first glance it would appear that any claims arising prior to November 23, 2002 would be barred by the applicable statute of limitations. However, in the instant action many of the claims which fall within the relevant time period are access to the courts claims.  To state a viable claim for denial of access to the courts, a plaintiff must allege actual injury.  Lewis v. Casey, 518 U.S. 343 (1996).  Plaintiff argues that although it appears that many of his claims arose outside of the applicable statutory period, his injury was not discovered until sometime after November 23, 2002, and thus his claims fall within the statutory period.  While Pressley does not provide the specific dates and details regarding the "actual injury" suffered, he does generally allege that court imposed deadlines were missed and that he was prevented from pursuing his available legal remedies.  He also alleges that on one occasion the defendants actions prevented him from filing objections to a Magistrate Judge's Report and Recommendation. In light of the foregoing, and because at this stage in the proceedings the Court must accept the veracity of plaintiff's factual allegations, many of the access to the courts claims must be permitted to go forth.[4]

Other claims, some of which are access to the courts and others which include mail interference, denial of First Amendment freedom of religion, harassment and failure to respond to a grievance are clearly barred by the statute of limitations.  With respect to these claims, Pressley either fails to allege any injury or the harm was immediately known to him at that time.  These barred claims are contained in ¶¶ 72, 73, 75-76, 78-79, and 82-87.  These

---

[4] With this said, the Court in no way expresses any opinion as to the ultimate merits of these claims.

6

referenced paragraphs of the complaint are barred by the statute of limitations and will be

stricken from the complaint.  All remaining paragraphs in the complaint not listed above will

proceed at this juncture.  Because the only assertions contained in the complaint against the

following defendants are barred by the statute of limitations, these defendants will be

dismissed from the action: Liscomb, Jullan, Johr, Stewart, Mitchell, Masberry, Mayo, Lohr,

Blaine, Rambler, Sager, Gent, Kelly, Oddo, Bitner and Kyler.[5]  The Clerk of Court will be

directed to make the appropriate notation to the docket.   An appropriate Order follows.

---

[5] The Court will use the spellings of defendants' names as set forth in defendants'
motion to dismiss.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


SEAN PRESSLEY,                           :
                                         :
              Plaintiff                  :
                                         :
       v.                                :   CIVIL NO. 3:CV-04-2535
                                         :
SUPT. J. BEARD, et al.,                  :   (Judge Kosik)
                                         :
              Defendants                 :


**O R D E R**

**NOW, THIS 12th DAY OF MAY, 2006,** in accordance with the accompanying

Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.     Within fifteen (15) days from the date of this Order, Plaintiff shall provide
       the Court with the identities of the John Doe defendants, "Unknown Mail
       Inspectors" and "Correctional Officers 8".   The failure to do so will result in
       said defendants being dismissed from this action to the extent the claims set
       forth against them are not already barred by the statute of limitations.

2.     Within ten (10) days from the date of this Order, counsel for defendants shall
       notify the Court as to whether he represents defendant Smolder in this action.

3.     Plaintiff's Motion for Reconsideration (Doc. 46) is **denied**.

4.     Defendants' Second Motion to Dismiss (Doc. 42) is **granted in part and
       denied in part** in accordance with the attached Memorandum.  Paragraphs
       ¶¶ 72, 73, 75-76, 78-79, and 82-87 are stricken from the complaint as barred
       by the statute of limitations and defendants Liscomb, Jullan, Johr, Stewart,
       Mitchell, Masberry, Mayo, Lohr, Blaine, Rambler, Sager, Gent, Kelly, Oddo,
       Bitner and Kyler are hereby dismissed from this action.  The action will
       proceed with regard to the remaining paragraphs in the complaint and the
       defendants named therein.

5.      Within twenty (20) days from the date of this Order, defendants shall file an answer to the complaint.


                                                        s/Edwin M. Kosik
                                                   United States District Judge

2