UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN PRESSLEY,                          :
                                        :
       Plaintiff                    :
                                        :
  v.                                    : CIVIL NO. 3:CV-04-2535
                                        :
JEFFREY A. BEARD, et al.,               : (Judge Kosik)
                                        :
       Defendants                   :

## **M E M O R A N D U M**

### I.   **Background**

This civil rights action filed pursuant to 42 U.S.C. § 1983 has been pending since November 23, 2004. Plaintiff Sean Pressley is an inmate presently confined at the State Correctional Institution at Camp Hill, Pennsylvania. In the complaint, he names in excess of fifty (50) defendants, consisting of officials at the Department of Corrections, and employees at SCI-Camp Hill as well as the State Correctional Institution at Greene, Pressley's former place of incarceration. Pressley sets forth allegations including the denial of access to the courts, mail interference, denial of his right to practice his religion, harassment and retaliation. The claims span the time period from June of 2000 (during Pressley's incarceration at SCI-Greene) until the

1

filing of the complaint. Requested as relief are monetary damages.

Numerous defendants have been dismissed from this action since the filing of the complaint. On September 26, 2005, a host of defendants were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on the basis of failure to state a claim. (Doc. 41, Memorandum and Order dated 9/26/2005.) Thereafter, on May 12, 2006, after granting in part a motion to dismiss filed by Defendants, another large group of Defendants were dismissed in that the claims asserted against them were barred by the statute of limitations. (Doc. 49, Memorandum and Order dated 5/12/06.) In this same Order, Plaintiff was afforded fifteen (15) days within which to provide the court with the identities of the numerous John Doe defendants named in the complaint. After being granted a further enlargement of time within which to identify the Doe defendants, and still having failed to do so, the court dismissed all Doe defendants from this action on November 30, 2006. (Doc. 76.)

Presently pending in this action are two motions. The first is a motion for temporary restraining order filed by Pressley on December 11, 2006. (Doc. 77.) The motion is fully briefed and ripe for disposition. Also pending is Defendants' motion for summary judgment. (Doc. 69.) While Defendants have filed their supporting brief, statement of material facts and evidentiary materials, Plaintiff has failed to oppose the motion. For the reasons that follow, the motion for temporary restraining order will be denied, and Plaintiff will be afforded fifteen (15) days from the date of

2

this Order to file his opposition to the motion for summary judgment. His failure to do so will result in the motion being deemed unopposed and addressed on the merits.

## II.     Discussion

### A.     Motion for Temporary Restraining Order

Plaintiff filed a motion for temporary restraining order ("tro") on December 11, 2006, wherein he alleges that in June of 2003 he was transferred from SCI-Greene to SCI-Camp Hill. He states that he requested a legal property exemption from Donald Kelchner, Superintendent at SCI-Camp Hill, pursuant to DOC policy 6.3.1, in order to maintain property at the prison which exceeded the amount permissible.[1] The request was granted. According to the exemption policy, the initial time period granted for the request is twenty-four (24) months, with additional requests for extension being permissible.

In August of 2005, Plaintiff states he submitted a request for a further extension of the original 24 month period to keep his excess property in storage at SCI-Camp Hill. A one (1) year extension was granted. Following the expiration of this time period, Plaintiff states he requested a further extension of time. He claims he did not receive a response from Kelchner. On November 10, 2006, he received the pending motion for summary judgment filed by Defendants. Submitted in support of the motion was, among other documents, the declaration of Defendant Richard

---

[1] Apparently Pressley exceeded the equivalent of one footlocker and two records center boxes. According to Plaintiff, he sought permission to store five (5) excess boxes of property.

Southers. Plaintiff contends that Southers states that Kelchner granted a ninety (90) day extension with regard to his request for legal property exemption - which, according to Plaintiff, was due to expire in January of 2007. Plaintiff states that based on the foregoing, it is his understanding he is being ordered to ship his excess legal property out of the prison by that time, or the materials will be destroyed.

In the pending motion for tro, Plaintiff contends that without his legal materials, he is unable to pursue any of his pending legal actions, and will suffer irreparable harm. He requests this court to issue an order enjoining Defendants from shipping, destroying or otherwise disposing of his excess legal materials during the pendency of his legal actions. In opposing the motion, Defendants maintain that Plaintiff fails to meet the prerequisites for the issuance of a tro/preliminary injunction.

This is the second motion for tro/preliminary injunction that Plaintiff has filed in this case regarding his excess personal property. An earlier motion was denied on February 15, 2006, and addressed claims by Plaintiff regarding his access and the exchange procedure regarding the stored materials. (Doc. 45.) In said Memorandum, the court fully set forth the factors to be considered when determining whether to grant a motion seeking preliminary injunctive relief, and emphasized how such relief is extraordinary in nature and should be issued in limited circumstances. See American Tel. and Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994), cert. denied, 514 U.S. 1103 (1995); United States v. Bell, 238

F.Supp.2d 696 (M.D. Pa. 2003). Without reiterating the standard previously set forth, it is the moving party that bears the burden of satisfying the following factors to be considered by a court in determining whether to grant preliminary injunctive relief: (1) likelihood of success on the merits; (2) irreparable harm resulting from the denial of relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest. Bell, 238 F.Supp.2d at 699. Further, it has been held that the most important prerequisite for the issuance of such relief is that the movant is likely to suffer irreparable harm. See Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980). Speculative injury does not constitute a showing of irreparable harm. Id. at 359.

In opposing the motion, Defendants agree that Plaintiff currently possesses a number of boxes of personal property which exceeds the maximum number of boxes permitted to inmates under DOC policy. They further agree that the 1 year exemption previously granted to Plaintiff has expired, and that he was granted an additional 90 day extension of time. Defendants state, however, that there are no plans to destroy Plaintiff's property at this time and, as such, he fails to demonstrate he is under a threat of irreparable injury. Defendants further point out that in his motion, Plaintiff generally states that he needs his excess property to litigate his active cases, however he fails to identify what legal materials are contained within his boxes of property and what legal deadlines are pending which require his access to the property.

Defendants arguments are well taken. Plaintiff filed his motion for tro/preliminary injunctive relief over eight (8) months ago. There is no indication that his materials have been destroyed or that they may be destroyed in the near future. In fact, Defendants maintain that there is no plan to destroy the materials at this point. Based upon the record in this case, it appears that Plaintiff has been able to access/exchange his excess property stored in the boxes at the prison that he is unable to maintain in his cell. Since the filing by Defendants of their opposition wherein they contend Plaintiff's fear of destruction is unfounded, Plaintiff has not filed any support for his claims that his property is in any danger. Further, the docket reveals that Plaintiff has been filing documents with the court thus supporting the conclusion that his legal property remains accessible to him. Accordingly, the court finds that Plaintiff has failed to demonstrate the presence of irreparable harm, and his motion will be denied.

B.   Summary Judgment Motion

Also pending is Defendants' summary judgment motion which, to date, remains unopposed. The court is cognizant of the special difficulties facing pro se litigants. See Haines v. Kerner, 404 U.S. 519 (1972). However, the United States Court of Appeals for the Third Circuit has emphasized that local rules play "a vital role in the district courts' efforts to manage themselves and their dockets." Eash v. Riggins Trucking, Inc., 757 F.2d 557, 570 (3d Cir. 1985). Therefore, the court will

afford Plaintiff an opportunity to respond to Defendants' motion in accordance with Fed. R. Civ. P. 56 and M.D. Pa. LR 56.1. Failure to do so will result in the motion being deemed unopposed. See Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

Plaintiff is forewarned that this case has been pending for some time and that no enlargements of time within which to file his opposition will be granted absent exigent circumstances. The summary judgment motion has been pending and briefed since November of 2006. There is no reason why, in the past nine (9) months, Plaintiff could not have accessed his legal property and prepared a response to the pending motion. Further, the burden is on Plaintiff to point to specific documents contained in his property that exist and create a material issue of fact with respect to the arguments set forth by Defendants in their summary judgment motion. For these reasons, Plaintiff will be afforded fifteen (15) days within which to file his opposition to the summary judgment motion or the motion will be deemed unopposed and addressed on the merits. An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN PRESSLEY,                          :
                                        :
      Plaintiff                        :
                                        :
  v.                                    :   CIVIL NO. 3:CV-04-2535
                                        :
JEFFREY A. BEARD, et al.,               :   (Judge Kosik)
                                        :
      Defendants                       :

# O R D E R

**AND NOW, THEREFORE, THIS 17th DAY OF AUGUST, 2007,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for temporary restraining order (Doc. 77) is **denied**.

2. Plaintiff is afforded fifteen (15) days from the date of this Order to respond to Defendants' pending motion for summary judgment in accordance with Fed. R. Civ. P. 56 and M.D. Pa. LR 56.1. Failure to timely respond to the Defendants' motion will result in the motion being deemed unopposed.

                                                  */s/ EDWIN M. KOSIK*
                                                  United States District Judge